J-S19015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
DAJUAN SAUNDERS  :
:
Appellant  :  No. 1732 MDA 2022

Appeal from the PCRA Order Entered November 21, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001453-2019

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 01, 2024**

Appellant, Dajuan Saunders, appeals from the November 21, 2022 order[1] dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  During the pendency of his appeal, Appellant's maximum sentence expired, and thus, he became ineligible for relief under the PCRA.  We, therefore, affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court issued an order dated October 28, 2022, stating that Appellant's PCRA petition was dismissed and "pursuant to [Pa.R.Crim.P.] 907," Appellant had the right to "appeal" within 20 days.  That Order dismissing the petition was served on November 21, 2022.  Pa.R.A.P. 108(a)(1) provides that the "day of entry" of an order is "the day the clerk of the court . . . mails or delivers copies of the order to the parties."  We have changed the caption to reflect November 21, 2022, as the date of entry of the order from which this appeal pertains.

**A.**

We glean the following relevant factual and procedural history from the trial court opinion and the certified record. On December 18, 2018, the Commonwealth filed charges against Appellant following a domestic violence incident. On October 10, 2019, Appellant pled guilty to Simple Assault.[2] On January 7, 2020, the trial court sentenced Appellant to an aggregate term of 12-24 months' incarceration.[3] He began serving his sentence on January 14, 2020.[4] Appellant did not file a direct appeal.

On July 28, 2020, Appellant filed *pro se* a PCRA Petition asserting that incurring a parole violation based on this conviction implicated double jeopardy and that the court improperly considered a vacated conviction as part of his criminal history. The PCRA Court appointed Matthew Perry, Esq. on November 6, 2020, who filed a ***Turner***/***Finley*** "no-merit" letter[5] and an Application to Withdraw as Counsel on March 2, 2021. Appellant filed a *pro*

_____

[2] 18 Pa.C.S. § 2701(a)(1).

[3] Appellant received 270 days of credit for time served. Sentencing Order, 1/7/20, at 1 (unpaginated).

[4] Appellant committed this offense while he was serving parole on a prior unrelated conviction. After finding Appellant in violation of his parole, on February 28, 2020, the Parole Board directed him to serve 15 months of back time on that conviction, concurrent to the instant sentence of 12 to 24 months' incarceration. ***See*** Notice of Parole Board Decision, 2/28/20, at 1-2.

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*se* response on March 8, 2021, as well as supplemental *pro se* petitions on March 3, 2022, and October 7, 2022, raising, *inter alia*, **Brady**[6] claims. The PCRA court dismissed the PCRA petition by order served November 21, 2022.

Appellant timely filed a *pro se* notice of appeal. The PCRA court permitted PCRA counsel to withdraw on January 18, 2023, and appointed appellate counsel.

Our review of the record indicated that Appellant's maximum sentence of 24 months' incarceration may have expired during the pendency of this appeal. Accordingly, on May 23, 2023, this Court issued a Rule to Show Cause directing the parties to show cause within 21 days why this Court should not affirm the Order because Appellant is no longer eligible for PCRA relief. Rule to Show Cause, 5/23/23, at 1-2. The Commonwealth responded and asserted that Appellant's maximum sentence expired on March 8, 2023. Appellant failed to respond by the June 13, 2023 deadline. Accordingly, this matter is now ripe for decision.

**B.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA

---

[6] **Brady v. Maryland**, 373 U.S. 83 (1963).

court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he has been convicted of a crime and is "at the time relief is granted . . .currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."); ***see also Commonwealth v. Plunkett***, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (affirming the PCRA court's order denying relief where petitioner's sentence expired while his appeal from the PCRA denial was pending before this Court).

\*

On January 7, 2020, the court sentenced Appellant to 12 to 24 months' incarceration with no subsequent period of probation, which indicates that his sentence has expired. Appellant has failed to respond to our Rule to Show

Cause to establish that he is still serving his sentence. Accordingly, based on our review and the Commonwealth's representation, we conclude that Appellant is not "currently serving a sentence of imprisonment, probation[,] or parole[,]" as is required to remain eligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i). Therefore, Appellant is ineligible for PCRA relief.

We, thus, affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/01/2024